# EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. OLIVERI, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:17-cv-01970 |
| SHELL OIL COMPANY, | § § | |
| Defendant. | § § § | |

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO: Plaintiff Michael G. Oliveri by and through his attorneys of record, Mark J. Oberti and Edwin Sullivan, Oberti Sullivan LLP, 712 Main Street, Suite 900, Houston, TX 77002

Pursuant to the Federal Rules of Civil Procedure, Defendant Shell Oil Company ("Shell") by and through its undersigned attorneys of record, serves the following Answers and Objections to Plaintiff's First Set of Interrogatories. The following responses are based upon information presently available to and located by Shell as of the date hereof. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Shell reserves the right to supplement these responses upon subsequent discovery of additional, non-privileged documents or evidence of any additional facts.

Dated: December 4, 2017

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ Shauna Johnson Clark
    Shauna Johnson Clark
    State Bar No. 00790977
shauna.clark@nortonrosefulbright.com

EXHIBIT 20

RODRIGUEZ/Shell 000073

### RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

#### INTERROGATORY NO. 1:

Identify every person Jasper Smidtman interviewed as a part of his investigation into Crockett Oaks III's alleged conflict of interest, and state: (a) the date he spoke to them; and (b) what each of them said.

#### RESPONSE:

Shell objects to this interrogatory as overly broad, unduly burdensome, unreasonably invasive of the privacy of third-party individuals who are not a party to this lawsuit, and because it seeks information protected by the attorney-client and/or work product privileges. Subject thereto and without waiving the same, in connection with the investigation, as a result of serious allegations of ethics and compliance violations reported via the Shell Global Helpline, Jasper Smidtman of Shell's Business Integrity Department ("BID") was assigned to conduct an independent investigation. In connection with his investigation, he interviewed Plaintiff; Crockett Oaks, former Regional Security Manager Americas; Robert Schoen, Country Security Manager U.S.; Barney Bedard, Head of Business Integrity Americas; Dana Croft, Shell Policy Team Lead Domestic; Thomas Hutt, Asset Protection Manager STCH; Kathy Long, Recruiter; Michael Ashby, Sourcer; Michael Dixon, Director of Strategic Accounts at G4s Secure Solutions; Salvador Mendez, Regional Asset Protection Manager Americas; James Hall, Vice President, Corporate Security; and Pete Lininger, Down Stream Security Risk & Assurance Lead.

#### INTERROGATORY NO. 2:

Identify each date and time Jasper Smidtman spoke to James Hall between September 9, 2016 and December 16, 2016 about Crockett Oaks III, and, as to each such time, recite the content of their conversations, to the best of your ability and recollection.

#### RESPONSE:

Shell objects to this interrogatory as overly broad, unduly burdensome, unreasonably invasive of the privacy of third-party individuals who are not a party to this lawsuit, and because it seeks information protected by the attorney-client and/or work product privileges. Subject thereto and without waiving the same, on October 17, 2016, Smidtman interviewed Hall as part of his investigation. Smidtman interviewed Hall again on November 14, 2016 in order to clarify and follow up on Hall's responses in light of how the investigation had evolved.

#### INTERROGATORY NO. 3:

Why did James W.D. Hall want to look to backfill Bob Schoen's role with some younger external talent, as he stated in his July 7, 2016 e-mail to Oaks?

-4-

RODRIGUEZ/Shell 000075

RESPONSE:

Shell objects to this interrogatory as argumentative and assuming facts not in evidence. Subject thereto and without waiving the same, on July 7, 2016, James W. D. Hall sent an email to discuss equality of opportunity for a diverse panel of applicants for the Security Advisor position. Hall did not expect or require Oaks to seek or hire only young and/or female applicants for the Security Advisor position. Hall intended to reiterate to Oaks in his email Shell's commitment to seeking and retaining a diverse and inclusive workforce, subject to Shell's guiding principle to hire the most qualified applicant for every position. Hall never recommended hiring a candidate on the basis of their gender or age. He believed it was his role to challenge Oaks as the decision maker to ensure that Shell was fully considering a diverse group of candidates who had met the minimum criteria for the role. After this challenge by Hall, Oaks confirmed his selection of Oliveri as the best choice, and Hall supported the recommendation.

INTERROGATORY NO. 4:

Did Michael Oliveri satisfy the qualifications for the position of Security Advisor U.S. that was open in September 2016?

RESPONSE:

Oliveri and the other applicants selected to be interviewed for the Security Advisor U.S. position in September 2016 satisfied the qualifications for the position.

INTERROGATORY NO. 5:

Please state the facts you relied on for either your affirmative or negative answer to Interrogatory Number 4.

RESPONSE:

Shell objects to this interrogatory to the extent that it is premature and requires Shell to marshal all of its evidence at this stage of the proceedings. Subject to and without waiving the foregoing objections, a copy of the Security Advisor U.S. job posting and listed qualification requirements for the position will be produced. Oliveri and the other applicants selected to be interviewed for the Security Advisor U.S. position in September 2016 satisfied the qualification requirements for the position.

INTERROGATORY NO. 6:

State all the dates that James W.D. Hall has physically been in Houston, Texas for business purposes from January 1, 2015 to the present.

- 5 -

RODRIGUEZ/Shell 000076

## VERIFICATION

STATE OF Texas §
§
COUNTY OF Harris §

On this day Sonja Gonzales, the affiant appeared in person before a notary public, who knows the affiant to be the person whose signature appears on this document. According to the affiant's statements under oath, the affiant is an authorized representative of and is entitled to make this affidavit on behalf of Shell Oil Company, party in this case; the affiant has read Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories; and the information in these objections and answers to interrogatories is correct according to the affiant's personal knowledge based on information obtained from other persons, reasonable inquiry, and company business records.

_____
Sonja Gonzales

SWORN TO AND SUBSCRIBED before me on this 4th day of December, 2017.

(SEAL)

Rosa Elia Garcia
Notary Public State of Texas
Notary ID: 690343-4
Commission Expires
04-11-2020

_____
Notary Public

Rosa Elia Garcia
Printed Name of Notary

RODRIGUEZ/Shell 000077